IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY** § | | **PLAINTIFF** |
| § | | |
| v. § | Civil Action No. 1:11cv156-LG-RHW | |
| § | | |
| **DONALD E. HILL and** § | | |
| **PENNY K. HILL** § | | **DEFENDANTS** |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**BEFORE THE COURT** is the Motion for Default Judgment [7] filed by Allstate Insurance Company. Donald E. Hill and Penny K. Hill have not filed a response in opposition to the Motion. Upon reviewing the Motion and the applicable law, the Court finds that the Motion should be granted.

### FACTS

On November 24, 2009, MTS[1], a minor, filed a lawsuit against Donald Hill, Penny Hill, and others by and through his mother in the County Court of Jackson County, Mississippi. MTS claims that he was attacked by another minor named JS at a party hosted at the Hills' home by the Hills' minor child. MTS claims that he suffered serious physical injuries including a fractured orbital socket and extreme mental anguish as a result of the assault. He seeks past, present, and future medical expenses, including the cost of a future necessary surgery, as well as past, present, and

---

[1] Pursuant to Fed. R. Civ. P. 5.2 (a), the Court will refer to all minors referenced in this Order by their initials. Counsel for All State filed an unredacted copy of a state court complaint containing the complete names of these minors as Exhibit A to its Complaint [1]. The Clerk of Court is instructed to seal Exhibit A to the Complaint [1], and Counsel for Allstate is instructed to file a redacted copy of the state court complaint as an attachment to the Complaint [1] filed in this lawsuit.

future pain and suffering.

Allstate issued a Deluxe Plus Homeowners Policy to the Hills that provides up to $100,000 in family liability protection per occurrence. It has filed the present lawsuit seeking a declaratory judgment that it does not owe the Hills a defense or indemnification in the lawsuit filed by MTS.

## DISCUSSION

### I. Jurisdiction

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. "[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim – not the face amount of the policy.'" *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (quoting 14B Charles Alan Wright, et al., *Federal Practice and Procedure: Jurisdiction* § 3710 (3d ed. 1998)).

The Court finds that diversity jurisdiction exists over this lawsuit, because Allstate is an Illinois insurance company and the Hills are residents of Jackson, County, Mississippi. Furthermore, MTS is claiming serious injuries requiring surgery and extreme mental anguish.

### II. Default Judgment

Allstate seeks a declaratory judgment that it does not owe the Hills a defense or indemnification in the lawsuit filed by MTS. The Declaratory Judgment Act

provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Moreover, the Federal Rules of Civil Procedure permit a court to grant a default judgment in favor of a plaintiff "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or other wise defend." Fed. R. Civ. P. 55; *see also SUA Ins. Co. v. Buras*, No. 10-60663, 2011 WL 1304884 at *2 (5th Cir. Apr. 6, 2011) (holding that an insured forfeited his right to argue that the insurer had a duty to defend and indemnify him when he failed to answer the insurer's complaint).

Allstate has demonstrated that the Complaint filed in this lawsuit was served on both Donald and Penny Hill on April 19, 2011, and neither defendant has filed an answer or other pleading in response to the Complaint. Therefore, the Court finds that Allstate is entitled to a default judgment as to its request for a declaratory judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Default Judgment [7] filed by Allstate Insurance Company is **GRANTED**. Allstate is entitled to a declaratory judgment that it does not owe Donald or Penny Hill a defense or indemnification in the lawsuit filed by MTS. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of Court is instructed to seal Exhibit A to the Complaint [1] pursuant to Fed. R. Civ. P. 5.2(a), and Counsel for Allstate is instructed to file a redacted copy of the state court complaint as an attachment to the Complaint [1] filed in this lawsuit.

**SO ORDERED AND ADJUDGED** this the 11th day of July, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE
